On this morning's docket is People v. Tucker, number 516-0280. Counsel Floyd Collins, you may proceed. Thank you. May it please the court, the present counsel. My name is Jordan Cohen. I represent Eric Tucker. Eric Tucker was convicted of first-degree murder approximately 71 months after he was originally indicted. The issue here today is whether Mr. Tucker's constitutional speedy trial rights were violated. Okay, so in this case, Mr. Tucker's attorney filed 12 complainances after the initial indictment was handed down. Is that correct? That's correct, yes. And then the case was dismissed by the state. Yes, Your Honor. And how many months elapsed from the time it was dismissed to the time it was refiled? 18 months, Your Honor. And it's my understanding that the defendant is claiming that the speedy trial time, that 18 months should be included in that. Yes, Your Honor. Even though there was no formal charge during those 18 months. Your Honor, the reason would be, you know, there's cases that say the speedy trial time does fall if the state dismisses it in good faith. So the argument here today is that they did not dismiss it in good faith. Right. And that's why the time would continue. Okay. And I also want to just point out that, so the trial was scheduled by month 43 of the prosecution. Had the trial happened as scheduled, there would not have been a speedy trial violation. So we're not contesting the continuances leading up to the trial, only when the case was dismissed. So it was set for month 43. The state was not ready for trial because they did not, they failed to adequately prepare. And then the state knew that they couldn't get a continuance. So that's why they dismissed it, only to bring it back 18 months later. The state knew that they couldn't get a continuance from Judge Cruz because of what? Did Judge Cruz affirmatively state there would be no further continuances in this? Your Honor, the judge didn't explicitly state that, but the state testified that it was her understanding that she wouldn't be able to get a continuance. And that was because the judge was reluctant to even give the eight-month continuance in the first place. So there was 35 months, and then the judge said, okay, you have eight months, and then this trial is happening. But at that time, there were no continuances during, let's say, phase one, phase two. During phase one, from the time it was initially filed to the time it was dismissed, the state never filed its own motion to continue. Is that correct? That's correct. So why would Judge Cruz, who had granted 12 continuances to the defense, two on her own motion and two agreed continuances, not grant the state one continuance? Your Honor, I would argue that what the state should have done is asked for a continuance instead of dismissing the case. And then we would have had the answer to that question. But the state didn't do that. The state just filed a motion to dismiss the case, and just according to their own testimony, they believed they would not be able to get a continuance. But they never tried, so we don't know. The counsel for the state at that time was, for lack of a better word, Lynn Experience. Is that correct? Yes, Your Honor. And so when, at the time of the dismissal, a more experienced prosecutor was brought onto the case who recognized that the case wasn't ready for trial and suggested perhaps that we need to start over. Yes, that was the testimony. So how is that not good faith? It's not good faith because, you know, the state should be judged as a whole. Like, well, it's not good faith because of the reasons that they gave for dismissal. So John L. Jr. was the more experienced prosecutor is what they testified. He came onto the case a mere weeks before it was scheduled, and he said there's two red flags. First, there's items that need to be tested for DNA. Second, there's witnesses who were available but were not cooperative. But the act of, the concept of being in good faith is basically saying that the reason, so long as the state is not doing something, dismissing the case for the purpose of denying the defendant substantial rights, that he, otherwise it would be in good faith. I don't, I'm not catching the connection between asking for the dismissal for the reasons you just stated and trying to deny the defense of a good and accurate defense. In other words, nothing that they were asking was going to spoil evidence. Nothing was going to allow witnesses to disappear. How is it that this is not in good faith? Your Honor, my argument that the reason the state wasn't ready for trial is because the state was negligent and the state was not diligent in its prosecution. I also argue... And in your argument, in your perspective, that equates to not being in good faith. Yes, Your Honor. Because there's multiple cases that use good faith and diligence in prosecution synonymously. Let's say the speedy trial time will toll assuming that the state was diligent in its prosecution. Usually there's other reasons that they weren't ready. But that would also, those cases also include dates of asking, you know, demanding a speedy trial. And at that time it allows. We're talking about a time prior, you know, there was no speedy trial demand until the case was dismissed. The motion to dismiss prompted the motion to speedy trial. Judge dismissed the case. Therefore, there was no case left. So I'm not sure how the time continues to toll. So, Your Honor, the reason I believe the trial time does not toll is because speedy trial was asserted and then the case was dismissed that, in my argument, is due to the state's negligence or bad faith because they were trying to circumvent or evade speedy trial, which would not toll the speedy trial time. And that's why the clock keeps running. Okay. A second speedy trial request was made in this case, correct? Yes. When it was brought back. Okay. So it was brought back on what date? It was month 61. So 18 months after it was dismissed. And when was the next speedy trial demand made? Well, then they'd have the hearing for it, I believe. So they, like, there were a couple of continuances when it first came back. But then they eventually had the hearing. When was the hearing of those motions? I believe, like, it was not attributed to the state. So there were continuances probably because they had to re-familiarize themselves with the case because it took so much time to pass. And then eventually it was month 69 when they had the hearing for the speedy trial. And the court decided what? The court decided, well, the court did find that the state did intentional tactical maneuvering of the schedule, of the court's docket. The court ultimately ruled incorrectly, in my opinion, because they ruled first as to the reasons for the delay. They only looked at the phase one, as you call it, which, as I said, if the trial happened on month 43, there would have been no speedy trial. But the court did not consider all the other time, which is what my argument is here today. The court also found. But your client was not incarcerated at the time, those 18 months in between dismissal and refiling, correct? No, Your Honor, but he was incarcerated for 43 months prior to that when he was waiting for trial and the state wasn't getting ready for trial. You know, the state also found, I mean, the court held that Mr. Tucker had established prejudice. But here, you know, there's multiple cases even cited by the state that if the length of time is long enough, prejudice is presumed and it doesn't have to be particularized. That's typically one year, right? For this, this is for the fourth part of Decker, not the first. It's usually longer. The state cited cases that had 29, 31, 33 months. And that's because prejudice, as time goes by, it's hard to prove or even identify prejudice, so it's presumed. But here, the main thing I want to get across is the cases all say that the speedy trial time tolls if the state acts in good faith. Opposing counsel actually argued in force and said that speedy trial time tolls unless the state acts in bad faith. And that's an important distinction because it actually says the language I said, if you look at any case, acting in good faith. But it's not a dichotomy. It's not good faith or bad faith. There's the middle ground of negligence. And to me, negligence and diligence are exclusive terms. You can't be both negligent and exclusive. And I think it's clear as day that the state was negligent here. They were in control of all the evidence from the initial investigation, and they didn't test it. They had the witnesses, but they didn't charge them to get a cooperation agreement until the Friday before trial. You know, if that's a question of what the state was doing for the eight months when they were told to get ready for trial, and they just had the testing, they just had items sitting there that they weren't testing. What cases do you cite that are on point to directly correlate negligence on the state's part and equating that to bad faith? So DABA v. United States is the one that says that negligence is to be weighed against the state and that it's a middle ground between good faith and bad faith. And then there's just a lot of cases that will say that instead of saying good faith, they'll say diligence and prosecution. To me, diligence and negligence are opposites. You can't be both. So if the state is negligent, they can't also be diligent, and they can't be good faith. So let me ask you about the speedy trial request. The state moved to Malibu prosecution. And that was at that time there had not been a speedy trial request. Is that correct? He asserted speedy trial on the day the trial was scheduled, and then the state responded the same day they moved to dismiss it. So they have to reschedule it. It's my understanding, and let's go to the hearing on that day when there was a motion to Malibu prosecution, that was upon that motion that the defendant asserted speedy trial. Was that right, or was it before or after the motion? So the state told defense counsel Friday before trial they were planning on doing it, and then Monday morning defense came in and asserted speedy trial. They essentially happened simultaneously. But the standard for the assertion of right is just whether the defendant fails to assert his right. Here, Mr. Tucker did not fail to assert his right because he did assert it. So as long as it's asserted, then it's in play. And so that's why the rest of the argument is still valid of whether it told or not. And so there still has to be an analysis of whether the dismissal was done in good faith, whether the state was diligent in its prosecution, or whether the state was negligent. I'm out of time. Thank you. Thank you, counsel. Counsel for Appalooza. Good morning, your honors. May it please the court, counsel. My name is Joe Yeoman, and I will be representing the people of the state of Illinois in this matter. I am also a 7-11 licensed student at the University of Illinois, representing with David Robinson today. Looks like U of I Colors. We are U of I Colors. I graduate in three days, four days, something like that. Okay. Okay. You're at the law school. This case is about the state using the Nolley Prosecuit to uphold the defense's constitutional right to a speedy trial. This court should affirm the circuit court uphold that there was no speedy trial. There was no Sixth Amendment violation of the speedy trial rights here for two reasons. First, the Nolley Prosecute was used in good faith, and thus the time between Phase 1 and Phase 2 should not count, that 18 months. And second, all of the Barker analysis weighs in favor of the state. First here, I would like to discuss the three different standards that the defense is bringing up in this case. The defense is arguing for a middle ground state, a negligence faith or an okay faith. The case law here with Nolley Prosecute is when it comes down to the Sixth Amendment right to a speedy trial, there are only two faiths, good and bad faith. It is a binary choice for both the circuit court and this court to make. Either the state was acting in good faith or the state was acting in bad faith. There is no middle ground. Even if the state was being negligent, that is not dispositive toward being good faith, Nolley Prosecute. This has been acknowledged in McDonald and People v. Cream. And if a Nolley Prose was taken in good faith, that time is not included in the Barker analysis. Also, the other corollary to that is if the state was acting in bad faith, then that time would count. What is an example of the state acting in bad faith when bringing such a motion? Your Honor, a case on point for that particular item is Totske, T-O-T-Z-K-E. And there, the core establishment is there for a Nolley Prosecute, a good faith has not been widely addressed, or a bad faith has not been widely addressed in the state of Illinois or in the federal courts. In McDonald, there was a discussion by the Supreme Court that bad faith would be the intentional circumvention of the speedy trial right. So if the prosecution was trying to bring a Nolley Prosecute literally to circumvent the speedy trial right, that would be an example of bad faith. How is that not the case here? That is not the case here, Your Honor, because first, if we look at the timeline here, the trial date was on that eight-month mark between when the judge set the trial time, and when there's now the defendant even recognized that if the trial had happened, there would have been no speedy trial right violation of that date. I think what the defense is arguing towards is that those eight months of the 12 post-continuations would be the speedy trial time to look at. And under the federal law... Let me stop you for one second. So when Judge Cruz gave the state eight months to prepare for trial, and gave the parties eight months to prepare for trial and set the trial date, at that time there was no speedy trial demand made. It was not until the date of trial. Correct, Your Honor. So for three years and seven months, there was no speedy trial right arguments. And, in fact, there was 12 continuances during that time for more time by the defense and then two by the court, and I think there was even mention in the court record that Judge Cruz was not the judge throughout this whole ordeal, was actually only placed on judge towards the end of the time for the three years. So within that time, so for the eight months, that would be the speedy trial right's highest tolling. So under federal law, the mechanism under BARCA, the triggering mechanism, doesn't happen until the 12-month mark. So here, the state would have had at least four extra months before they would have had their backs up against the speedy trial right time, so that they could have done continuances and things like that. And instead, what the state had done was to do an omniprosecuity, a dismissal, so that the defendant could have this lifted off their shoulders, the prosecution lift it off their shoulders. And actually, this shows that the prosecution is doing this in good faith, instead of trying to do a continuance or to keep the defendant in bond. They are basically lifting, the state has lifted that burden off their shoulders there. And the reasons why the state did this under what the prosecutors have testified to, was that there was two uncooperative witnesses in this case that they did not know at trial time if those witnesses were going to show up. And then because of that, there was more DNA evidence that needed tested. This particular case had thousands of pages worth of documentation, many DVDs, and also two lots of DNA that had been tested before trial. This is more testing that needed to have happened. The state does not have infinite resources, so it makes sense that not all evidence would be tested if it's not going to be needed by the state at trial with two cooperative witnesses. So, in fact, there was DNA evidence that had been tested. Was that the evidence that was found inside, I believe, a vehicle? There was many, Your Honor, there was much DNA evidence in this particular trial. I don't know exactly which evidence had not been tested. In the briefs, it's mentioned what had not been tested. As a prosecutor, there was some DNA that had been tested. I think that the state wanted more so that they could show beyond a reasonable doubt. Let me start again. The DNA evidence that had been tested was prior to the eight-month window for trial, or was it tested during that eight months and then they got to the end of the eight months and said, we have witnesses that may not show up, we don't know where they're at, and we need additional time to get more evidence tested? Your Honor, I do not know when the DNA evidence during that time had been tested. I do know that once the more experienced prosecutor was assigned to the case, then that was reevaluated at that time, and that is indicated in their testimony. I do want to point out a case, People v. Sanders, where there, it did also mention that that state was circumventing, and in that particular case the court had found, this is for a statutory speedy trial right argument, that no new evidence needed to be tested there, but they needed the witnesses' cooperation, and once the cooperation was secured, a new indictment was brought. So there are the very similar facts. An all-cause decree had been done, time, and then new evidence, and the witnesses confirmed a new indictment came. The court there held that that was in good faith, doing that, and that is exactly what had happened here as well. And I think the defense is making an incorrect argument by saying that there is a third standard, the negligence standard. Again, there is only good faith or bad faith, and negligence is not dispositive of good faith. And in fact here, like you had mentioned earlier, with the inexperienced prosecutor seeing, having new eyes come on it, that would have been, again, another reason for particular good faith. As far as the Barker analysis, the second part of the argument, the state has not argued that the triggering mechanism did not happen, so it has been more than 12 months. The second Barker factor, which is the reasons, do they lay in favor of the state or against the state? So for the defense to win, they do need to show that the knowledge of the all-cause decree was taken in bad faith to have those 18 months put on the weight of the state side, and not being able to show that all of the other evidence weighs on the side of the state. For example, from the first indictment to the knowledge of the decree, like it has been mentioned, the defense took 12 of those continuances and two by the court. The state had made zero time. So really in that particular time frame, there are only eight months relatively attributed to the state, not even the full 12. And then afterwards, once the case had been re-indicted, a new indictment had come down, there was eight continuances by agreement during that little over less than a year time period. For the third factor, the defense has mentioned that all they need to do is state that they would like a speedy trial right time. That is not necessarily true, but basically it all takes into account when the defense makes that statement happen, not that they just did it, it's also to when they do it. So just to clarify, I may have implied by my earlier questions that no continuances were attributable to the state. However, two by the judge and two by agreement, at the very least, the two by the judge is attributable to the state because we're looking at not as the state prosecutor, we're looking at the state as a whole against the defendant. So two of them could have been held that the state prolonged the trial because of the court's action. Sorry, Your Honor, I misspoke about that. I do have a citation here in Crane, stately Crane, that the two continuances by the court are valid explanations about why there would be a reasonable delay. So when the court took those two, the two continuances, yes, that does weigh against the state, but the weight isn't very heavy against the state. I should have, sorry, I should have understated that. I don't know that you did. I just wanted to make sure that I wasn't implying that we were. Hopefully you still have a good date. I am an inexperienced 7-11 license. And for those, if there are no further questions, for those reasons, we ask that the state, the court affirm. Thank you. Thank you, Counsel. Brief up. Your Honor, the opposing counsel said that there was a binary choice between good faith or bad faith, and I would just disagree with that. I think Doggett v. United States, which is a Supreme Court case, talks about negligence for paragraphs. So I just disagree with that. I'm also arguing multiple things. Because first I'm arguing that negligence is enough, that a speedy trial is 100 knots. I'm also arguing that this was bad faith, that it wasn't just negligence. And that's because all these cases say that if the state is trying to, is dismissing to circumvent or evade a speedy trial, that's bad faith. The state said that themselves. And that's exactly what happened here today. The state, the clock is running out, and the state had to dismiss it, or else there would have been a speedy trial violation. I also want to talk about good faith for a second as to what the trial court said to the state at the hearing. So the trial court said to the state, and I quote, you go over manipulating my docket. The trial court also said, so you guys think you get to hold the court hostage at your failure to be diligent in your prosecution. So how can that be good faith when they're manipulating the docket and the court went so far as to say they're holding the court hostage by manipulating the schedule. The opposing counsel also talked about how the state doesn't have infinite resources, and this case was long. Of course, there were 43 months, including the eight-month continuance. And I want to look at the timeline here to say, is this really just not enough time for them? Well, let's look at the DNA. The items weren't submitted to the lab until two days after the trial was scheduled. So after it was dismissed two days later, then they submitted the items to the lab. They had eight months to do this. The witness was not charged until the Friday before trial. Again, they had eight months to do this. And the state also points to the inexperience of the lead prosecutor, but that does not excuse the negligence. Just because the more experienced prosecutor came over and said, oh, we messed this up, we're not ready, that doesn't include the negligence. Mr. Tucker is sitting in jail all this time that this is happening for 43 months. So just because an inexperienced prosecutor is negligent, they don't get away with that just because they're inexperienced. You point out that they had eight months to file charges against the witness and so forth and so on, but they had four remaining months also, right? So wasn't at the end of the opportunity to do so, they had four months left to do any of that? I'm not sure what they're getting the four months from. As far as the speedy trial going in, oh, right. And they also, yeah, it didn't happen until the other prosecutor came on, which is only weeks before. And so I guess the total time I would say is there's the eight months, and then there's also the 18 months in between the two prosecutions, which if the speedy trial time is not told, then that certainly adds up to a speedy trial violation. So basically, I just want to make it clear that I do think there was bad faith here because they were evading speedy trial. But I also think that negligence is enough. That does not count as good faith because they're not diligent in the prosecution. I also. Just a moment on the prejudice that Mr. Tucker experienced from the time that was nollie to the time that it was refiled. So I learned that it was presumptively prejudicial because of the length of time. I also think this is shown by the fact that the trial that ended up happening was all stipulated, even the sentencing was stipulated, so there were no witnesses that could be cross-examined. And I know that was stipulated, but that speaks to the amount of time that passed. And, you know, there's cases that say. How do we attribute those 18 months between nollie cross and refiling to Mr. Tucker as being prejudicial? He was free. He was under no charges at that time. Well, that prejudice speaks to what happens at trial. So, like, the evidence and the witnesses. And, of course, I'd say when the length of time gets longer and longer, it's hard to prove. And it's even hard to identify what the prejudice is. And that's why prejudice can be presumed instead of having to demonstrate a particularized prejudice. So, lastly, I just want to say evade a speedy trial because the clock is running out. And all they have to say, dismiss the case and just wipe the slate clean and reset it from zero, only to bring the same charge with no new evidence and no new witnesses. And that's circumventing speedy trial. And that's why that's considered bad faith. So, for those reasons, I request that Mr. Tucker's conviction gets reversed because there was a speedy trial violation. Thank you. Thank you, counsel. The court will take the matter under advisement and issue its decision in due course. The court stands adjourned.